**Laura Lea CLINE, Tommy Edward Wylie, Sr., James Vernon Genzer, Appellants,**

v.

**The CITY OF OKLAHOMA CITY, Oklahoma, Appellee.**

**Nos. M–91–357, M–91–358 and M–91–423.**

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1992.

As Corrected Nov. 20, 1992.

---

## ACCELERATED DOCKET ORDER

Section 59–6200(E)(1)(b)(2) of the Oklahoma City Municipal Code defines an adult bookstore as:

An establishment having as a significant portion of its stock in trade books, films, magazines or other periodicals which are distinguished or characterized by an emphasis on depicting or describing sexual conduct or specific anatomical areas.

On October 31, 1990, Oklahoma City Police Officer Don Evans went to "Naughty & Nice Gift and Novelty Shop" located within the city limits of Oklahoma City. The establishment offered merchandise which was both adult and non-adult as defined by the Oklahoma City Zoning Code. Appellant Wylie was working as a sales clerk on the day Officer Evans entered the store. After reviewing the materials offered for sale inside the store, Officer Evans cited Appellant Wylie for Operating an Adult Bookstore Without a Conditional Use Permit, in violation of Oklahoma City Municipal Code § 59–6200.1(E). Officer Evans testified that upon viewing the premises, he approximated that 30 or 40 percent of the store's content consisted of adult material, those being magazines, books and periodicals.

On November 19, 1990, Oklahoma City Zoning Inspector Tino Andrada went to the "Eastern Avenue Bookstore" located within the city limits of Oklahoma City. Mr. Andrada was accompanied by Oklahoma City Police Officer Don Evans and Oklahoma City Zoning Officer Michael Poe. The establishment offered merchandise which was both adult and non-adult as defined by the Oklahoma City Zoning Code, and also contained adult movie theaters. Appellant Cline was working as a sales clerk on the day the officers entered the store. After reviewing the materials offered for sale inside the store, Zoning Officer Michael Poe cited Appellant Cline for Operating an Adult Bookstore Without a Conditional Use Permit. At trial, Mr. Andrada testified that in his opinion approximately 90 percent of the merchandise in the store was adult material. Mr. Andrada further testified that after Appellant Cline had been issued the citation, some members of the zoning department had decided that 10 percent constituted a significant portion of one's stock and trade.

On November 28, 1990, Oklahoma City Municipal Zoning Inspector John Wilson went to the "Naughty & Nice Gift and Novelty Shop". Mr. Wilson was there to determine whether the establishment was displaying three signs without a municipal permit. Appellant Genzer was working as a sales clerk on that day. After determining that the establishment did not have the requisite permit, Mr. Wilson cited Appellant Genzer for Displaying a Sign Without a Permit. At trial, it was stipulated that the store had not been issued a sign permit because a conditional use permit had not been obtained for the adult entertainment.

Appellants' Wylie and Cline were convicted of Operating an Adult Bookstore Without a Conditional Use Permit and both were fined $100.00 plus court costs. Appellant Genzer was convicted of Displaying a Sign Without a Permit and was fined $40.00 plus court costs.

Pursuant to 22 O.S.Supp.1990, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 11.2, this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument on November 26, 1991, pursuant to Rule 11.5(c). At the conclusion of the oral argument, the Court recessed to deliberate and then announced its decision to the parties. The Court found merit in the appellants' argument that the Oklahoma City Municipal Ordinance, § 59–6200(E)(1)(b)(2) was being applied in an unconstitutional manner. We agree with appellants that as applied, a proprietor has no idea as to how

much stock in trade he would be able to retain and not run afoul of the ordinance.

In *Ellwest Stereo Theater, Inc. v. Boner,* 718 F.Supp. 1553, 1581 (M.D.Tenn.1989), the court found a similar Nashville City Ordinance vague because even a representative of the Health Department, the agency charged with administering the ordinance, was unable to determine under the ordinance which establishments it was entitled to regulate. The Court noted that if the regulating authority could not determine the establishments which were subject to its authority, the establishments themselves could not be expected to determine whether they needed to be licensed or not.

In *Alexander v. City of Minneapolis,* 713 F.Supp. 1296, 1303 (D.Minn.1989), the court agreed with the plaintiffs that the "substantial and significant" language in the Minneapolis City Ordinance was unconstitutionally vague. The court found that no set percentage was used in making the determination of whether a business fell within the ordinance, but that an inspector merely eyeballed a location to see how it felt. The court found the subjective classification system to be inherently violative of due process.

While we find the ordinance in the case before us to be constitutional on its face, *see 15192 Thirteen Mile Rd. v. City of Warren,* 593 F.Supp. 147 (E.D.Mich.1984); *Hart Book Stores, Inc. v. Edmisten,* 612 F.2d 821 (4th Cir.1979); *Airport Book Store, Inc. v. Jackson,* 242 Ga. 214, 248 S.E.2d 623 (1978) and *Young v. American Mini Theatres,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976), we do find that it is being applied in an arbitrary manner. We find that a proprietor would have no way of knowing whether he was complying with the ordinance or not. Indeed, as Mr. Andrada testified, it was not until after Appellant Cline had already been issued a citation that members of the zoning department got together and came up with the figure of 10 percent as constituting a significant portion of stock in trade. While we render no opinion on any certain percentage, nor who may set such percentage, we do find that the ordinance as it is being applied fails to give any notice to individual proprietors as to whether they are within or outside the law.

For the foregoing reasons, the Judgments and Sentences are REVERSED and REMANDED with instructions to DISMISS.

IT IS SO ORDERED.

/s/ James F. Lane
PRESIDING JUDGE

/s/ Gary L. Lumpkin
VICE PRESIDING JUDGE

/s/ Tom Brett
JUDGE

/s/ Ed Parks
JUDGE

/s/ Charles A. Johnson
JUDGE